People v Trala (2022 NY Slip Op 02664)

People v Trala

2022 NY Slip Op 02664

Decided on April 22, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 22, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, LINDLEY, CURRAN, AND BANNISTER, JJ.

154 KA 19-01864

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JAMES TRALA, DEFENDANT-APPELLANT. 

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ROBERT L. KEMP OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (MATTHEW B. POWERS OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Erie County (M. William Boller, A.J.), rendered November 30, 2018. The judgment convicted defendant, upon his plea of guilty, of burglary in the third degree (six counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him, upon a plea of guilty, of six counts of burglary in the third degree (Penal Law § 140.20), defendant contends that his plea was involuntarily entered because it was induced by a sentencing commitment from Supreme Court that could not legally be fulfilled. Because he did not move to withdraw his plea or to vacate the judgment of conviction, defendant failed to preserve his contention for our review (see People v Bellamy, 170 AD3d 1652, 1653 [4th Dept 2019]), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]).
As defendant further contends, and the People correctly concede, his waiver of the right to appeal is invalid because the court's "oral colloquy mischaracterized it as an absolute bar to the taking of an appeal" (People v McCrayer, 199 AD3d 1401, 1401 [4th Dept 2021]; see People v Thomas, 34 NY3d 545, 565 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]). Nevertheless, we reject defendant's contentions that the court erred in refusing to suppress certain evidence as the fruit of an unlawful arrest and that the sentence is unduly harsh and severe.
Entered: April 22, 2022
Ann Dillon Flynn
Clerk of the Court